UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LATRINA CROCKER,

                         Plaintiff,

            -against-

BEDFORD HILLS CORRECTIONAL
FACILITY,

                         Defendant.

19-CV-11401 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff is currently incarcerated in the Bedford Hills Correctional Facility, and she

brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated her

constitutional rights.[1] By order dated December 30, 2019, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2] For the reasons set forth

below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date

of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] This action, originally filed in the United States District Court for the Eastern District of
New York, was transferred to this Court by order dated November 21, 2019. *See Crocker v.
Bedford Hills Corr. Fac.*, No. 19-CV-5306 (RRM) (ST) (E.D.N.Y. Nov. 21, 2019).

[2] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

# BACKGROUND

Plaintiff Latrina Crocker, using the Court's form prisoner complaint, checks the box, "violation of my federal constitutional rights," as the legal basis for her claim. (ECF No. 2 at 2.)[3] She alleges that the events giving rise to her claims occurred on "9-1-2017-219" in the Bedford Hills Correctional Facility. (*Id.* at 4.) Plaintiff does not check a box regarding her prisoner status, but she is a convicted prisoner, having been sentenced to a period of incarceration of 15 years. (*Id.* at 2.)

Plaintiff's complaint is not the model of clarity, but to the extent the Court can understand it, she appears to assert a conditions-of-confinement claim. Plaintiff alleges that she was put in a cell "with mices [sic] infested in vent and ceiling about to fall." (*Id.*) In her statement of claim, Plaintiff alleges that officers took pictures of her legal mail and took pictures of her naked. (*Id.* at 4.)

Plaintiff does not describe any injuries, but in the section of the complaint where Plaintiff is asked to state the relief she wants the Court to order, she writes:

> My $3,583 been took [sic] from my account in the hole prison is spending their money I can't they acting like I spend all but I didn't. Mental mind games they are playing with me. This in my only maximum bid I ever done first time they are taking it for grant [sic] and doing unlawful things to me as an [sic] first time offender. Violate 4 Amendment also the Amendment to be treated with respected [sic] as woman n [sic] human being as person.

(*Id.* at 5.)

# DISCUSSION

## A.    Rule 8 Pleading Requirements

Plaintiff's complaint does not show that she is entitled to relief. The Court cannot accept statements like "Defendants assaulted me, and Defendants denied medical treatment" as true

---

[3] Page numbers refer to those generated by the Court's electronic filing system.

because they are simply legal conclusions. The Court therefore grants Plaintiff leave to amend her complaint to provide enough facts to support her claims.

**B.      Bedford Hills Correctional Facility**

Plaintiff's claims against Bedford Hills Correctional Facility must be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. The Westchester County Jail is not a "person" within the meaning of § 1983. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, ECF 1:97-CV-420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983). Therefore, Plaintiff's claim against Bedford Hills Correctional Facility must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Deliberate Indifference**

The Court construes the allegations in Plaintiff's complaint as asserting a § 1983 claim that correction officers were deliberately indifferent to conditions of Plaintiff's confinement that posed a serious threat to her health or safety. Because Plaintiff is a convicted prisoner, her claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979), *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To state such a claim, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's

'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

A convicted prisoner must also show that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff fails to allege facts suggesting that prison officials were deliberately indifferent to her conditions of confinement. Plaintiff does not plead any facts showing that any individual at Bedford Hills Correctional Facility knew or should have known of the conditions and that the individual was deliberately indifferent to those conditions. Plaintiff also fails to allege any facts showing what, if any, effects the conditions may have had on her. Plaintiff thus fails to state a claim for deliberate indifference to her conditions of confinement.

**D.     Leave to Amend**

Because Plaintiff is proceeding *pro se*, and it is not clear that granting leave to replead would be futile, the Court grants Plaintiff leave to replead her claim that prison officials at Bedford Hills Correctional Facility were deliberately indifferent to her conditions of confinement. Plaintiff must sufficiently detail her claims in accordance with the standards above.

Plaintiff must name as defendants in the caption, and in the statement of claim, those individuals who were allegedly involved in the deprivation of her federal rights.[4] And Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant she names. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does not toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending her complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[4] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[4]

Should Plaintiff replead her claims in a complaint, she must, to the greatest extent possible:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's complaint will completely replace, not supplement, her original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-11401 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 17, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                          Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 2:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 3:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 4:

First Name            Last Name            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____