```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| LATRINA CROCKER,<br><br>                      Plaintiff,<br><br>              -against-<br><br>BEDFORD HILLS CORRECTIONAL FACILITY,<br><br>                    Defendant. | 19-CV-11401 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

      Plaintiff Latrina Crocker, currently incarcerated in Bedford Hills Correctional Facility, is proceeding *pro se* and *in forma pauperis* (IFP). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated her constitutional rights. By order dated January 17, 2020, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on February 18, 2020, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

By order dated January 17, 2020, the Court dismissed Plaintiff's claims against Bedford Hills Correctional Facility because the facility is not a "person" within the meaning of § 1983. (ECF No. 7.) Because Plaintiff's complaint was not the model of clarity, the Court ordered Plaintiff to amend her complaint to show that she is entitled to relief. (*Id.*) Plaintiff filed her amended complaint on February 18, 2020. (ECF No. 8.)

Plaintiff again names Bedford Hills Correctional Facility, and much like her original pleading, Plaintiff's amended complaint is also not the model of clarity. Plaintiff attaches to her amended complaint a copy of the Court's January 17, 2020 order and two additional handwritten pages. In addition to writing in the designated areas on the Court's amended complaint form, Plaintiff also writes in the margins of the amended complaint form and on the attached copy of the Court's order and on two additional pages. This submission still does not make clear that Plaintiff is entitled to relief. Plaintiff again appears to assert a conditions of confinement claim, alleging that her dorm is infested with mice, rats, roaches, and spiders. Plaintiff also alleges that her legal mail was stolen; that her money and property were stolen; and that she was wrongfully convicted. She seeks monetary damages.

## DISCUSSION

**A.     Bedford Hills Correctional Facility**

As noted in the Court's January 17, 2020 order, Bedford Hills Correctional Facility is not a "person" within the meaning of § 1983. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, ECF 1:97-CV-420, 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983). Therefore, Plaintiff's claim against Bedford Hills Correctional Facility remain dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Deliberate Indifference**

The Court again construes Plaintiff's allegations as asserting a § 1983 claim that correction officers were deliberately indifferent to conditions of Plaintiff's confinement that posed a serious threat to her health or safety. Because Plaintiff is a convicted prisoner, her claims

3

arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979), *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To state such a claim, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

A convicted prisoner must also show that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Plaintiff again fails to allege facts suggesting that prison officials were deliberately indifferent to her conditions of confinement. Plaintiff does not plead any facts showing that any official at Bedford Hills Correctional Facility knew or should have known of the conditions and that the official was deliberately indifferent to those conditions. Plaintiff thus fails to state a

4

claim that Defendants were deliberately indifference to her conditions of confinement, and this claim must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Access to Courts**

The Court construes Plaintiff's allegations that Defendants are tampering with her mail as a claim that she was denied access to the courts. Individuals have a constitutional right of access to the courts under the First Amendment to the United States Constitution. *See Christopher v. Harbury*, 536 U.S. 403, 414-16 (2002); *Lewis v. Casey,* 518 U.S. 343, 346 (1996). To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted); *see also Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (explaining that "plaintiff must demonstrate that the defendant's conduct frustrated the plaintiff's efforts to pursue a nonfrivolous claim.").

To state a claim of actual injury, Plaintiff must allege facts demonstrating that she was prejudiced in ongoing legal proceedings. A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin,* 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith,* 784 F.2d 149, 151–52 (2d Cir. 1986)); *see also Sheppard v. Lee,* No. 10-CV-6696, 2011 WL 6399516, at *2 (S.D.N.Y. Dec. 20, 2011) (holding that, because plaintiff's motion in his other proceedings was dismissed on other grounds, missing a court deadline due to delayed outgoing legal mail did not constitute actual injury).

Because Plaintiff does not describe any prejudice to an ongoing legal proceeding, her allegations are insufficient to state a claim that her right to access the courts has been violated. She also does not detail the nature of her mail or the harm caused by Defendants' alleged actions.

Plaintiff's claim must therefore be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      Deprivation of Property**

Plaintiff's claim that Defendants at Bedford Hills Correctional Facility destroyed, discarded, or stole her property must also be dismissed. A claim for deprivation of property is not recognized by law in federal court if the state courts provide a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). New York provides such a remedy in § 9 of the New York Court of Claims Act. *See Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (state tort action available to compensate detainee for alleged loss of property by city prison officials); *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (detainee had meaningful post-deprivation remedy for loss of book through state action for negligence, replevin or conversion); *Boyle v. Kelley*, 42 N.Y.2d 88, 90-91, 396 N.Y.S.2d 834, 835-36 (1977) (property wrongfully seized by officials during a search recoverable by replevin action or Article 78 proceeding); *Moreno v. New York*, 69 N.Y.2d 432, 515 N.Y.S.2d 733 (1987) (alternative state remedies to recover seized property discussed). Plaintiff has not alleged facts that would demonstrate that her state remedies are in any way inadequate or inappropriate. *See Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990).

Because New York provides an adequate post-deprivation remedy, Plaintiff cannot state a claim that she has been deprived of property without due process of law. *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983). This claim is therefore dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### E. *Heck v. Humphrey*

Because Plaintiff was convicted and because she does not allege that the conviction was reversed, expunged, or otherwise declared invalid, the Court must dismiss Plaintiff's § 1983 claim that she was wrongfully convicted. Plaintiff's claim is barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has explained:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*.").

Because success on Plaintiff's § 1983 claims would necessarily imply the invalidity of her conviction, and because Plaintiff has not alleged that her conviction was overturned or otherwise invalidated, *Heck*'s favorable termination rule bars her claim for money damages. *See Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983."). The Court must therefore dismiss Plaintiff's § 1983 claim that she was wrongfully convicted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff may not obtain release from custody in a § 1983 action; she can only obtain such relief by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v.*

*Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement). A state prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by requesting release from custody in a civil action. *Preiser*, 411 U.S. at 489-90.

      To the extent that this submission can be construed as a § 2254 petition, the petition must be dismissed because it does not demonstrate that plaintiff has exhausted her available state remedies in accordance with 28 U.S.C. § 2254(b) and (c).[1] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). Plaintiff may file a petition for a writ of *habeas corpus* once all available state remedies have been exhausted.

      District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

---

[1] Plaintiff should note that under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the *habeas corpus* statutes, a person in state custody must generally file a § 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:   October 22, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.